IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS A.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23 C 16508 |
| v. ) | |
| ) | Magistrate Judge |
| MARTIN J. O'MALLEY, ) | Maria Valdez |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Carlos A.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 7, 2021 and May 19, 2021, respectively, Plaintiff filed claims for DIB and SSI, alleging disability since March 27, 2021. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on April 4, 2023, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by a non-attorney representative. A vocational expert ("VE") also testified.

On May 8, 2023, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of March 27, 2021. At step two, the ALJ concluded that Plaintiff had severe impairments of left hip osteoarthritis and obesity. The ALJ concluded at step three that Plaintiff's

impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can stand and/or walk two hours in an 8-hour workday; pushing and pulling with the lower extremities is limited to the sedentary exertional level; can frequently reach, handle, finger, and feel with the bilateral upper extremities; can occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl; can never climb ladders, ropes, or scaffolds; can frequently balance; and should avoid concentrated exposure to pulmonary irritants and hazards. At step four, the ALJ determined that Plaintiff is capable of performing his past relevant work as an accounting clerk. Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does

3

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of

'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

5

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in evaluating Plaintiff's mental health; (2) the ALJ erred in evaluating Plaintiff's subjective symptoms; and (3) the ALJ generated an evidentiary deficit by discounting all of the medical opinions.

In advancing his first argument, Plaintiff contends, *inter alia*, that the ALJ erred with respect to his consideration of the "paragraph B" areas of mental functioning. The paragraph B criteria refer to a claimant's impairments in the four broad areas of mental functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. The ALJ determined that Plaintiff had mild limitations in each of the four functional areas. (R. 33.) However, the ALJ's RFC assessment did not include any non-exertional accommodations for Plaintiff's mental deficits.

Plaintiff asserts that the ALJ erred in failing to explain why no mental health limitations (even if for mild impairments) were included in the RFC. The Court agrees. "While a mild, or even a moderate, limitation in an area of mental functioning does not *necessarily* prevent an individual from securing gainful employment, the ALJ must still affirmatively *evaluate* the effects such mild limitations have on the claimant's RFC." *Simon-Leveque v. Colvin*, 229 F. Supp. 3d 778, 787 (N.D. Ill. 2017) (citation omitted). Along those lines, if an ALJ "believes that [a claimant's] Paragraph B limitations do not merit a non-exertional limitation

6

in the RFC, the ALJ shall explain that conclusion in a way that a reviewing court may follow her reasoning." *Lawonda P. v. Kijakazi*, No. 20-CV-2573, 2021 WL 3418847, at *6 (N.D. Ill. Aug. 5, 2021) (citations omitted).

In this case, the ALJ erred because he provided no analysis of Plaintiff's mild mental deficits in relation to his RFC finding. *See Dianne O. v. Kijakazi*, No. 21 C 2348, 2023 WL 3864589, at *4 (N.D. Ill. June 7, 2023) ("[T]he ALJ determined at step two that Plaintiff had non-severe mental impairments that warranted a mild limitation in adapting or managing herself, but the ALJ failed to discuss or even mention Plaintiff's mild mental limitation in crafting the RFC."). Under the circumstances, the requisite sufficient explanation is missing. *See Warnell*, 97 F.4th at 1054. The ALJ's errors in that regard require that this matter be remanded. *See Brenda R. v. Kijakazi*, No. 20-CV-7498, 2023 WL 3689458, at *6 (N.D. Ill. May 26, 2023) (remanding where "the ALJ made no mention in his RFC assessment of his own findings that Claimant has mild limitations in her ability to concentrate, persist, or maintain pace; interact with others; and adapt and manage herself, nor did he sufficiently explain why he did not include any such limitations. The ALJ's failure to do so is particularly troubling here where the determination of non-disability was based on the ALJ's finding at step four that Claimant had the ability to perform her past skilled work as department manager.").

Related to this topic, as stated above, Plaintiff was represented by a non-attorney at the administrative level. An ALJ has a duty to develop a full and fair record even if a claimant is represented by counsel. *See Smith v. Apfel*, 231 F.3d

433, 437 (7th Cir. 2000). "This duty is enhanced when a claimant appears without counsel; then the ALJ must scrupulously and conscientiously [ ] probe into, inquire of, and explore for all relevant facts." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (internal quotations and citation omitted). Here, the record contains many references and allusions to behavioral health (or "BH") documents that were not part of the record before the ALJ. (*See* R. 429, 594, 601, 655, 658, 678.) Further, there is reason to believe those records may readily show Plaintiff's mental impairments are more than mild. (*See* R. 429 ("since hospitalization, psychosis has worsened. hears a radio and the voices are much more clear"); *id.* at 900 (indicating that Plaintiff was admitted to rehabilitation center for, *inter alia*, schizoaffective disorder); *id.* at 655 ("This pt just called and stated he was hospitalized for a week due to psych issues."); *id.* at 658 ("[Plaintiff] was admitted to a psych unit on Friday, suspected bipolar episode.").) In any event, on remand, the ALJ must assess the necessity of obtaining Plaintiff's additional mental health records.

      Finally, Plaintiff raises issues with respect to the ALJ's consideration of his need to use a cane to ambulate. The Court also finds problematic errors in this area. The ALJ put much stock in that fact that Plaintiff "was able to walk without his cane for 50 feet." (R. 36; *see id.* at 37 ("[T]he claimant has the above residual functional capacity assessment, which is supported by . . . [Plaintiff's] ability to walk greater than 50 feet with or without the use of a cane.").) The ALJ erred in overemphasizing that point. *See Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011) ("Scott successfully walked 50 feet without a cane within the confines of her office,

8

but that brief excursion hardly demonstrates an ability to stand for 6 hours (and neither does Scott's testimony that she could walk 2 blocks)."). The ALJ also discounted Plaintiff's cane usage because there was not "a prescription in the record for a cane or other assistive device." (R. 36.) That too was erroneous, because the lack of a prescription for a cane does not establish that a claimant does not in fact need a cane to ambulate. *See Ronald B. v. Saul*, No. 18 C 5881, 2019 WL 3778070, at \*8 (N.D. Ill. Aug. 12, 2019) ("But use of a cane does not require a prescription; thus, it was not suspicious for Mr. B. to use a cane without one.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that Plaintiff's mental impairments are properly considered, Plaintiff's subjective symptoms are properly assessed, and all medical opinions are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 16] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** **August 15, 2024**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

10